# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Kirk Willis, ) | |
| ) | Civil Action No.: 6:21-cv-00521-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| State of South Carolina, South Carolina ) | |
| State Department of Corrections, City of ) | |
| Clinton Public Safety, and Laurens County ) | |
| Detention Center, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Kirk Willis, who is proceeding *pro se*,[1] brought this action against the above-captioned Defendants under 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights. (*See* ECF No. 1.) This matter is before the court upon review of the Report and Recommendation issued by the Magistrate Judge on March 5, 2021 ("Report"). (ECF No. 12.) The Report recommended that the court summarily dismiss this case for several reasons, including because the instant case is duplicative of Plaintiff's prior cases, Defendants are entitled to dismissal, and "Plaintiff's claim for money damages is barred." (*Id.* at 4-9.) No party has objected to the Report. For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 12) and **DISMISSES** the instant case.

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

Plaintiff's sole claim is that his counsel was ineffective because Plaintiff did not receive a preliminary hearing, and that "the victim, witnesses, and police officers in his state court criminal case were lying and . . . his attorneys helped them." (*See* ECF Nos. 1 at 5; 12 at 1-2.)

In March 2021, the Magistrate Judge issued the Report, suggesting this matter be dismissed "without issuance and service of process."[2] (ECF No. 12.) The Magistrate Judge first observed the instant Complaint "raises claims similar to those asserted in three other cases previously filed by Plaintiff in this [c]ourt." (*Id.* at 4 (citations omitted).) "Significantly, Plaintiff is attempting to re-assert the same claims against the same Defendants under the same facts as his most recent case at number 6:20-cv-1854." (*Id.*) Citing to a litany of precedent, the Magistrate Judge noted that "repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915 as frivolous." (*Id.* (quoting *Paul v. de Holczer*, No. 3:15-cv-2178-CMC-PJG, 2015 WL 4545974, at *6 (D.S.C. July 28, 2015)).)

Next, the Magistrate Judge explained Defendants are entitled to dismissal because "Plaintiff makes no factual allegations against [them], but simply lists them in the caption of [the] Complaint." (ECF No. 12 at 6.) The Magistrate Judge further asserted that, regardless, "none of the named Defendants are considered persons under § 1983," and "the staff of an organization is not considered a person subject to suit under . . . § 1983," again requiring dismissal. (ECF No. 12 at 6, 7 (citations omitted).) The Magistrate Judge also mentioned that Plaintiff did not name his former counsel as Defendants in this matter, but even if he had, they would still be entitled to dismissal. (*Id.* at 5 n.2.)

---

[2] The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation.

Lastly, the Magistrate Judge pointed out that, "to the extent that Plaintiff is seeking money damages based on his allegedly unlawful arrest, prosecution, and incarceration, his claim is barred because his convictions and sentences have not been invalidated." (*Id.* at 8.) The Magistrate Judge relatedly noted that "release from custody . . . is not available [relief] in this civil rights action." (*Id.*)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *Id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is charged with making the final determination of the pending matter as the Magistrate Judge's recommendation carries no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). As such, the court reviews *de novo* those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199

(4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections).

Here, neither party has objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings within the Report and concludes this case shall be dismissed for the reasons delineated within the Report. Thus, the court **ACCEPTS** the Report and adopts the findings herein (ECF No. 12) and **DISMISSES** this case. **IT IS SO ORDERED**.

United States District Judge

April 16, 2021
Columbia, South Carolina